```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
                                                                :
TELESHOP INC.                                                   :       **REPORT AND**
                                        Plaintiff,              :       **RECOMMENDATION**
                                                                :
                -against-                                       :       2:19-CV-3982 (MKB)(PK)
                                                                :
                                                                :
IMPORT SPECIALTIES INC.,                                        :
MARK PLATT, SHARON HUGGET, and                                  :
BARTON ADAMS                                                    :
                                                                :
                                        Defendants.             :
--------------------------------------------------------------- x
```

**Peggy Kuo, United States Magistrate Judge:**

Plaintiff Teleshop Inc. filed this action seeking recovery on an acknowledgment of debt against Import Specialties Inc. ("Import Specialties"), and alleging fraud in the inducement against Mark Platt, Sharon Hugget, and Barton Adams (collectively, "Defendants"). (*See* Dkt. 1.) In light of Plaintiff's repeated failures to respond to the Court's orders and its failure to prosecute, the undersigned respectfully recommends that the Complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

Plaintiff filed the Complaint on July 10, 2019. (*See* Dkt. 1.) On August 9, 2019, Plaintiff moved for an extension of time for Defendants to answer (Dkt. 11), which the Court granted. (Minute Order dated Aug. 12, 2019.)

On August 30, 2019, Defendants filed a Notice of Stay, informing the Court that Defendant Import Specialties filed a voluntary petition for Chapter 11 bankruptcy, and therefore the automatic stay provision of 11 U.S.C.A. § 362(a) was in effect. (Dkt. 16 at 2.) On September 3, 2019, the Court ordered Plaintiff to show cause by September 10, 2019 "why this action should not be stayed as to all

1

Defendants in light of Defendant Import Specialties, Inc.'s [Notice of Stay]." ("Sept. 3, 2019 Order to Show Cause.") Plaintiff did not respond.

In light of Plaintiff's failure to oppose, the Court stayed the action as to all Defendants and ordered Defendants to file a status report regarding the bankruptcy proceeding by March 19, 2020.[1] (Minute Order dated Sept. 20, 2019.) On March 17, 2020, Defendants filed a status report stating that the bankruptcy proceeding was still pending. (Dkt. 18.) The Court ordered Defendants to file a further status report as to the bankruptcy proceeding by September 18, 2020. (Minute Order dated March 18, 2020.) On September 21, 2020, Defendants filed a status report, stating that "the bankruptcy court granted a motion to sell Import Specialties, Inc.'s property free and clear of all liens and approved the sale of its assets." (Dkt. 19.) The Court ordered Defendants to file another status report by November 23, 2020. (Minute Order dated Sept. 21, 2020.)

On October 23, 2020, Defendants filed a status report, stating that the bankruptcy case was converted from a Chapter 11 to a Chapter 7 proceeding, so "any suit brought against Import Specialties, Inc. must now be brought before the bankruptcy court." (Dkt. 20.) Defendants requested that the "Court dismiss all pending causes of action in [this] matter." (*Id.*)

On October 26, 2020, the Court ordered Plaintiff to respond to Defendant Import Specialties' October 23, 2020 status report by November 2, 2020. ("Oct. 26, 2020 Order to Respond.") Plaintiff did not file a response.

On May 5, 2021, the Court ordered Plaintiff to respond by June 7, 2021 to Defendant Import Specialties' October 23, 2020 request to dismiss the action and warned that "failure to respond may

---

[1] Defendants filed a Proposed Order Granting Stay on September 17, 2019, proposing that the Court "terminate the action in the record, without prejudice to the right of the parties to move to reopen the proceedings for good cause shown for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of the litigation." (Dkt. 17.) The Court declined to enter the proposed order.

2

result in the dismissal of this action for failure to prosecute." ("May 5, 2021 Order to Respond.") Plaintiff did not file any response.

On July 20, 2021, the Court ordered Plaintiff to show cause by July 29, 2021 why this case should not be dismissed for failure to prosecute and warned that "failure to respond will result in a recommendation that this case be dismissed with prejudice." ("July 20, 2021 Order to Show Cause.") Plaintiff did not respond.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss an action based on plaintiff's failure to prosecute or comply with a Court order. Even if a defendant has not moved for dismissal, the Court has "unquestioned . . . authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). "Courts have repeatedly found that dismissal of an action is warranted when a litigant . . . fails to comply with legitimate Court directives." *Rafaniello v. Travelers Cas. Co.*, No. 14-CV-3385 (NGG) (MDG), 2016 WL 4991544, at *2 (E.D.N.Y. Feb. 22, 2016), *R&R adopted*, 2016 WL 5061112 (E.D.N.Y. Sept. 16, 2016) (citation omitted). When a District Court contemplates a dismissal under Rule 41(b), it must consider:

> (1) the duration of the plaintiff's failure to comply with the Court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the Court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No one factor is dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

Here, Plaintiff has taken no action to advance this action against Defendants since August 9, 2019, when it filed a motion for extension of time for Defendants to answer the Complaint. (*See* Dkt.

3

11). While Defendants have provided several updates on the pending bankruptcy proceedings, Plaintiff has not filed any responses. Plaintiff has also failed to comply with four Court Orders to file responses, without any explanation. (*See* Sept. 3, 2019 Order to Show Cause; Oct. 26, 2020 Order to Respond; May 5, 2021 Order to Respond; July 20, 2021 Order to Show Cause.) In its May 5, 2021 Order to Respond, the Court warned Plaintiff of the possibility of dismissal of its case for failure to prosecute, and, in its July 20, 2021 Order to Show Cause, the Court warned that a failure to respond "will result in a recommendation that the case be dismissed for lack of prosecution." Plaintiff did not respond to either order, despite these warnings.

This case has been pending against Defendants for two years, and they will likely be prejudiced by further delay. A balance of the Court's interest in managing its docket against any interest Plaintiff may have in receiving further opportunities to be heard weighs in favor of dismissal. The Court's attempts to give Plaintiff multiple opportunities to continue litigating this case have been met by prolonged and emphatic silence. The undersigned, thus, finds that there are no lesser sanctions that would be effective. Accordingly, the undersigned respectfully recommends that all claims against Defendants be dismissed.

Unless the dismissal order states otherwise, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Such a dismissal "is a dismissal that prevents refiling of the claim in the same court." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 498 (2001). The undersigned finds no basis for permitting the refiling of this claim in this Court.

## **CONCLUSION**

For the foregoing reasons, the undersigned respectfully recommends that the Complaint be dismissed and that this dismissal operate as an adjudication on the merits. Any objection to this Report and Recommendation must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any objection waives

the right to further judicial review of this Report and Recommendation.  *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

                                              **SO ORDERED:**

                                              *Peggy Kuo*

Dated:  Brooklyn, New York  
        July 30, 2021

                                              PEGGY KUO  
                                              United States Magistrate Judge