UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

TELESHOP INC.,

                Plaintiff,

       v.

IMPORT SPECIALTIES INC. d/b/a
HEARTLAND AMERICA, MARK PLATT,
SHARON HUGGET, and BARTON ADAMS,

                Defendants.

-----------------------------------------------------------------

**ORDER**
19-CV-3982 (MKB) (PK)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Teleshop Inc. commenced the above-captioned action on July 10, 2019, against Defendants Import Specialties Inc., doing business as Heartland America ("Import Specialties") and its officers Mark Platt, Sharon Hugget, and Barton Adams (the "Individual Defendants"), seeking recovery on an acknowledgement of debt from Import Specialties and alleging that the Individual Defendants committed fraud in the inducement. (Compl., Docket Entry No. 1.) Plaintiff failed to respond to a September 3, 2019, order to show cause why the action should not be stayed in light of Import Specialties' bankruptcy filing. (Order dated Sept. 3, 2019.) Plaintiff also failed to respond to an order directing it to respond to Import Specialties' October 23, 2020 status report. (Order dated Oct. 26, 2020.) On May 5, 2021, the Court again ordered Plaintiff to respond and warned Plaintiff that "failure to respond may result in the dismissal of this action for failure to prosecute." (Order dated May 5, 2021.) On July 20, 2021, Magistrate Judge Peggy Kuo again warned Plaintiff that failure to respond would "result in a recommendation that this case be dismissed with prejudice for failure to prosecute." (Order dated July 20, 2021.) Plaintiff did not respond. By *sua sponte* report and recommendation dated July 30, 2021, Judge Kuo

recommended that the Court dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (the "R&R"). (R&R, Docket Entry No. 21.)

For the reasons explained below, the Court adopts the R&R and dismisses the action for failure to prosecute.

## I. Background

In recommending dismissal pursuant to Rule 41(b), Judge Kuo noted that Plaintiff "has taken no action to advance this action against Defendants since August 9, 2019, when it filed a motion for extension of time for Defendants to answer the Complaint," has failed to comply with four court orders directing it to file responses, and has twice been warned that its failure to respond could result in dismissal. (R&R 3–4.) Accordingly, Judge Kuo explained that Defendants would "likely be prejudiced by further delay" in the case, that the balance of interests favored dismissal, and that no lesser sanctions than dismissal would be effective. (*Id.* at 4.) Judge Kuo explained that any objection to the R&R must be filed within fourteen days, and cautioned that "[f]ailure to timely file any objection waives the right to further judicial review of this [R&R]." (*Id.* at 4–5.)

No objections to the R&R have been filed and the time for doing so has passed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also*

*Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

Accordingly, the Court grants Defendants' motion and dismisses the action with prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to mail a copy of this Order to Plaintiff at the address of record and close this case.

Dated: August 16, 2021
      Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

4